# Chapter 411

# DEFENSES

411.01    Accident

411.03    Alibi

411.05    Character and reputation

411.07    Intoxication

411.10    Intoxication and purpose (non-homicide case) (offenses committed before 10/27/00)

411.10    Intoxication and purpose (non-homicide case) (offenses committed on or after 10/27/00)

411.11    Intoxication, drugs or anger (homicide case) (offenses committed before 10/27/00)

411.11    Intoxication, drugs or anger (homicide case) (offenses committed on or after 10/27/00)

411.19    Necessity

411.20    Duress

411.25    Unlawful entrapment

411.31    Self-defense against danger of death or great bodily harm

411.33    Self-defense against danger of bodily harm

411.35    Self-defense—tests for reasonableness

411.51    Insanity: defined

411.53    Insanity: kinds

411.55    Insanity: burden and conclusion

## 411.01   Accident

1. The defendant denies any purpose to (*describe*). He denies that he committed an unlawful act and says that the result was accidental.

2. DEFINED. An accidental result is one that occurs unintentionally and without any design or purpose to bring it about. An accident is a mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act.

3. FORESEEABILITY. 4 OJI 409.56.

4. CONCLUSION ON ACCIDENT. If after considering all the evidence, including that on the subject of accident, you are not convinced beyond a

2003-1

reasonable doubt that the defendant had a purpose to (*describe*), you must return a verdict of not guilty.

COMMENT

An instruction on accident is not recommended unless required by the evidence, argument or request of counsel.

The claim of accident is not an affirmative defense. The committee recommends that no statement be given to that effect because it is unnecessary and it is confusing unless there exists a second defense on which the defendant has the burden of proof. Cited in *State v. Poole* (1973), 33 Ohio St.2d 18, 62 O.O.2d 340, 294 N.E.2d 888.

## 411.03   Alibi

1. The defendant claims that he was at some other place at the time the offense occurred. This is known as an alibi. The word "alibi" means elsewhere or a different place. If the evidence fails to establish that the defendant was elsewhere, such failure does not create an inference that the defendant was present at the time when and at the place where an offense may have been committed. If, after a consideration of the evidence of alibi along with all the evidence, you are not convinced beyond a reasonable doubt that the defendant was present at the time in question, you must return a verdict of not guilty.

COMMENT

The claim of alibi is not an affirmative defense. The committee recommends that no statement be given to that effect because it is unnecessary and it is confusing unless there exists a second defense on which the defendant has the burden of proof. *State v. Poole* (1973), 33 Ohio St.2d 18, 62 O.O.2d 340, 294 N.E.2d 888.

2. NOTICE REQUIRED FOR ALIBI.

COMMENT

Crim.R. 12.1 provides for seven days' notice of alibi. The notice is mandatory. *State v. Focht* (1974), 37 Ohio St.2d 173, 66 O.O.2d 359, 309 N.E.2d 922. But, where there is a good faith failure to give notice of alibi and the prosecution is not surprised or otherwise prejudiced thereby, it is an abuse of discretion for the court to exclude the evidence. *State v. Smith* (1977), 50 Ohio St.2d 51, 4 O.O.3d 118, 362 N.E.2d 988.

## 411.05   Character and reputation

1. GENERAL. The defendant has offered testimony tending to show his reputation in the community in which he lives. Evidence of this nature is

admitted because one who has a good reputation may be less likely to commit an offense than one who lacks that reputation. However, good character or good reputation is not an excuse for an offense.

### COMMENT

See Evid.R. 404, 405, 608(A), 608(B), and 803(20).

2. WEIGHT. In determining the guilt or innocence of the defendant, you may consider the testimony of his reputation and give it such weight as you determine it should receive in connection with all the evidence.

### COMMENT

See Evid.R. 404, 405, 608(A), 608(B), and 803(20).

## 411.07   Intoxication   R.C. 2901.21(C)

### COMMENT

Effective 10/27/00, voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a crime. Voluntary intoxication may be admissible to show whether or not a person was physically capable of performing the act with which the person is charged. R.C. 2901.21(C).

1. DEFENSE. Intoxication is not an excuse for an offense. However, evidence of intoxication has been admitted for the purpose of showing that the defendant was so intoxicated that he/she was incapable of performing the act with which he/she has been charged.

## 411.10   Intoxication and purpose (non-homicide case) (offenses committed before 10/27/00)

1. DEFINED. Intoxication exists when a person consumes a quantity of an intoxicating beverage containing alcohol sufficient to adversely affect his/her mental processes (conduct) (actions) (reactions) (movement) and to deprive him/her of that clearness of intellect (control of himself/herself) that he/she would otherwise have possessed.

### COMMENT

*State v. Steele* (1952), 95 Ohio App. 107, 52 O.O. 488, 117 N.E.2d 617.

2. PURPOSE, KNOWLEDGE. Intoxication is not an excuse for an offense. However, such evidence is admissible for the purpose of showing that the