**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| ANGELO FEARS | Case No. C-1-01-183 |
| Petitioner | Judge Rice |
| | Magistrate Judge Merz |
| vs. | |
| MARGARET BAGLEY, | *Death Penalty Case* |
| Warden | |

**WARDEN'S RESPONSE TO FEARS'**
**OBJECTIONS TO MAGISTRATE'S REPORT DOC 114**

*Fears' Failure To Address His Claims In Context Of The Applicable Standard Of Review Is An Independent Reason To Deny Relief*

Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). See also Attachment A, Table Of Contents To Statement of Applicable Standard of Review Plus Selected USSC Case Notes; Attachment B, Statement of Applicable Standard of Review Plus Selected USSC Case Notes. See also *Woodford v. Visciotti* Case Note, Attachment B, page 21. See also Magistrate Report & Recommendation, Doc 114, pg. 42, first full paragraph; pg. 77 first paragraph. In the 93 pages of specific objections raised by Fears, there is but one perfunctory reference to the Ohio Supreme Court "unreasonably appl[ying] *Berger v. United States*, 295 U.S. 78 (1935)." See Fears' Objections, Doc 117, page 32. Apart from this solitary and perfunctory reference, Fears fails to allege that any decision of the Ohio courts was an "unreasonable application" of clearly established United States Supreme Court precedent. See 28 USC 2254(d)(1). Nor

does Fears claim that any decision of the Ohio courts was based on an "unreasonable determination" of the facts based upon evidence presented at trial. See 28 USC 2254(d)(2). Instead, Fears argues as if his claims were entitled to a *de novo* review, as if his case was on direct state appeal. Relief can not be granted under AEDPA by a federal court conducting its own independent inquiry into whether the state court was correct as a *de novo* matter. *Yarborough v. Alvarado*, 541 U.S. 652, at 665 (2004); *Terry Williams v. Taylor*, 529 U.S. 362, 411 (2000). See also Attachment B, Statement of Applicable Standard of Review Plus Selected USSC Case Notes. See also *Terry Williams v. Taylor* Case Note, Attachment B, page 16. Consequently, Fears' claims for relief should be denied for the additional and independent reason that he has failed to articulate error under the statutory standard of review set forth in 28 USC 2254(d).

### *State Adjudication Of Prosecutorial Misconduct Claims Well Within Bounds Of Berger, Darden, Donnelly, Griffin & Young*

In 23 pages of railing against the Magistrate's conclusion that relief is not warranted on his habeas claim 1 of prosecution misconduct, Fears cites but one solitary case of the United States Supreme Court, that being *Berger v. United States* 295 U.S. 78, (1935). See Fears Objections, Doc 117, pg. 30 and pg. 32. See also Attachment C, Magistrate's Decision Summary, pgs. 1-2. Even that citation lacks applicability, where *Berger* stands for the proposition that pronounced and persistent misstatements of material evidence implicate constitutional protections against prosecutorial misconduct, only when made in context of a case against the defendant that "***was not strong …[and] may properly be characterized as weak***". (Emphasis added). See Attachment D, Table Of Contents For Combined Case Notes; Attachment E, Combined Case Notes, Case Note for *Berger* on p. 2. Fears does not make that sort of claim in his case. Instead, Fears

2

tracks the dissenter's opinions in his state court case, that the prosecutors in closing arguments mislabeled mitigating factors (circumstances of the crime), as aggravating circumstances. Fears' Objections, Doc 117, pgs. 30-32, *State v. Fears*, 86 Ohio St. 3d 329, 353 (1999), Moyer, CJ, dissenting.

*Berger* does not apply to the fact pattern Fears asserts for two reasons. First, *Berger* applies where the case against the defendant "was not strong …[and] may properly be characterized as weak", and the opposite scenario is present in Fears' case. The Magistrate agreed with the Ohio courts that the evidence against Fears was strong. ("[E]vidence of Fears' guilt was ***overwhelming***." Doc 114, pg 26, line 7; "…[G]iven the ***strength of the evidenc*e** relating to the aggravating circumstance…", Doc 114, pg. 35, lines 8-9; "The aggravating circumstance evidence was ***particularly strong***." Doc 114, pg. 39, first full paragraph, last line; "…[I]t remains true that the evidence against Fears respecting the aggravating circumstances was ***substantial***." Doc 114, pg. 40, lines 13-14; "…***[S]trong evidence*** that Fears intentionally fired the weapon, killing Gilliam." Doc 114, pg. 58, fourth line from bottom. (Emphasis added))  Thus, the strong evidence of guilt against Fears removes *Berger* from the list of United States Supreme Court cases that would apply to Fears' habeas claim 1. See also Doc 95-3, Guilt Phase Transcript Summary, Doc 95-4 Mitigation Phase Transcript Summary.

Second, Fears' claims regarding the mislabeling of mitigating factors as aggravating circumstances do not implicate the federal constitution. Whether labeled mitigating factors or aggravating circumstances, the jury engaged in a weighing process with the same evidence before it, and it is not disputed that the trial court properly instructed the jury that the circumstances of the crime could be considered in mitigation,

3

not aggravation. Moreover, the prosecutor went on to repeatedly emphasize that the circumstances of the crime fell on the mitigation side of the scale. See Doc 114, Magistrate's Report, pgs. 32, 35, 84; Attachment C Magistrate's Decision Summary, p.1. Consequently, the Magistrate correctly concluded, as did the Ohio Supreme Court, that the prosecution commentary did not implicate the federal constitution.

In addition to failing even an attempt to articulate error under the "unreasonable application" or "unreasonable determination of facts" clauses of 28 USC 2254(d), Fears wrongly argues as if claims of improper prosecution commentary are adjudicated comment-by-comment, in isolation from the case as a whole. To the contrary, the focus of inquiry is the trial as a whole, to determine whether the proceeding was fair. *United States v. Young*, 470 U.S. 1 (1985). See also Attachment E Combined Case Notes, *United States v. Young* Case Note, p. 42; Magistrates Report, Doc 114, pg. 22, line 4, pg. 28, last paragraph. Fears, however, casts a blind eye to the case as a whole, such as the strength of evidence against him, the many instances where the prosecutors properly labeled mitigation vs. aggravation, and the undoubtedly proper jury instructions that properly labeled mitigation vs. aggravation. By obsessing over the trees, and ignoring the broad and deep forest in which those trees exist, Fears fails to articulate a proper claim, especially under the habeas standard of review contained in 28 USC 2254(d).

The requirement that the case as a whole be evaluated is a consistent theme of pertinent cases of the United States Supreme Court. Even though individual comments by the prosecutor were "improper", there was no constitutional error where the defendant had a fair trial. *Darden v. Wainwright,* 477 U.S. 168, at p. 183 fn 15 (June 23, 1986). See also, Attachment E Combined Case Notes, *Darden v. Wainwright*, Case Note

4

p. 7. Isolated prosecution commentary during closing arguments, billed in advance as not part of the evidence against a defendant, are to be examined in context of the entire trial. *Donnelly v. DeChristoforo*, 416 U.S. 637, 646-647 ( 1974). See also Attachment E Combined Case Notes, *Donnelly v. DeChristoforo* Case Note, p. 9. In his objections to this Court, Fears fails to cite these cases, let alone articulate how the Ohio courts supposedly unreasonably applied this precedent. These shortcomings preclude habeas relief to Fears. See also Doc 95-3, Guilt Phase Transcript Summary, Doc 95-4 Mitigation Phase Transcript Summary.

In reference to the prosecutor's closing argument comment about what the defense might say in their closing argument, the Magistrate sided with the state court's application of *Griffin v. California*, 380 U.S. 609 (1965), that the comment was amenable to a benign interpretation. See Magistrate's Report, Doc 114, pgs. 26-27. See also Attachment C, Magistrate's Decision Summary, p. 1. *State v. Fears,* 86 Ohio St. 3d 329, 336 (1999) In objecting to that outcome, Fears fails to cite *Griffin*, and offers no rationale how the state court outcome is out of bounds with precedent of the United States Supreme Court. See Fears Objections, Doc 117, pg. 20, second full paragraph. See also Attachment E, Combined Case Notes, *Griffin v. California* Case Note, p. 16. Fears' bare expression of disagreement with the outcome as enunciated by the Ohio Supreme Court and the Magistrate, fails to advance, let alone meet, his obligation to demonstrate unreasonableness under AEDPA. *Woodford v. Visciotti,* 537 U.S. 19, 25 ("Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an unreasonable manner.") See also Attachment B, Statement of Applicable

Standard of Review Plus Selected USSC Case Notes. See also *Woodford v. Visciotti* Case Note, Attachment B, page 21.

The question before the Court is whether the State court adjudication of Fears' claim of prosecutorial misconduct is within a reasonable range of judicial decision making, where it is only clearly established precedent of the United States Supreme Court that serve as the source of the rules. The question in this case is not whether the prosecutors are right or wrong in what was said or done. The question is not whether the opinions of dissenting Chief Justice Moyer should have prevailed over the majority of his colleagues who declined to find reversible error. The question is not whether the Ohio Supreme Court was "correct" in declining to find reversible error. The question is not whether to Ohio Supreme Court committed "error", or even "clear error", in declining to find reversible error. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) ("The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. [citation omitted] The state court's application of clearly established law must be objectively unreasonable."[citation omitted]) See also Attachment B, Statement of Applicable Standard of Review Plus Selected USSC Case Notes. See also *Terry Williams v. Taylor* Case Note, Attachment B, page 16. See also Doc 95-3, Guilt Phase Transcript Summary, Doc 95-4 Mitigation Phase Transcript Summary.

Seven fair-minded jurists of the Ohio Supreme Court evaluated Fears claim of prosecutorial misconduct to determine whether, under the federal constitution, Fears had a fair trial. Each of the fair minded jurists evaluated the claim in context of the same facts; the facts that were shown in black and white by the trial record. Each of the fair minded jurists evaluated the claim in the context of *Griffin v. California* (1965), 380

U.S. 609, *Darden v. Wainwright* (1986), 477 U.S. 168, 205-206 *Donnelly v. DeChristoforo* (1974), 416 U.S. 637, 648-649, *Berger v. United States* (1935), 295 U.S. 78, 88, and *Smith v. Phillips* (1982), 455 U.S. 209, 219. *State v. Fears*, 86 Ohio St. 3d 329, 336, 351-353, 359 (1999). See Case Notes for each case, Attachment B, *Griffin*, p. 16, *Darden*, p. 7, *Donnelly*, p. 9, *Berger*, p. 2, *Smith*, p. 28. The outcome of that evaluation is well within a reasonable application of that United States Supreme Court precedent. 28 USC 2254(d)(1).

### *Fears Ignores The Record In His Improper Weighing Claim 2*

It is evident that the Magistrate scrutinized the record, where the record shows the aggravating circumstances were merged before their consideration by the jury and judge; a fact of the record evidently misapprehended by the Ohio Supreme Court. See Magistrate's Decision, Doc 114, pgs. 52-53. Since Fears' claim was based on a false factual premise that no merger had taken place, the Magistrate recommended the Court find the claim lacking in merit. See Attachment C, Magistrate's Decision Summary, p. 2. In his objections, Fears does not contend that the Magistrate erred in reading the record. Fears Objections, Doc 117, pgs. 37-38.

In any event, the "merger" of aggravating circumstances by the Ohio Supreme Court was a textbook application of the appellate reweighing process authorized in *Clemons v. Mississippi,* 494 U.S. 738 (March 28, 1990). *State v. Fears*, 86 Ohio St. 3d 329, 348 (1999). See also Attachment E, Combined Case Notes, *Clemons v. Mississippi* Case Note, p. 6. Consequently, even assuming Fears' claim did not have a false factual foundation, there was no error.

Fears does not object to the adjudication of his other sub claims. See Attachment C, Magistrate's Decision Summary, p. 2. Fears Objections, Doc 117, pgs. 35-39.

### *Fears Does Not Claim The State Courts Unreasonably Applied Strickland In Denying His Claims Of Ineffective Assistance*

The starting point for this Court to evaluate the validity of Fears objections regarding denial of his ineffective assistance claims should be a close examination of the Magistrate's Report & Recommendation, Doc 114. See also Attachment C Magistrate's Decision Summary, pgs 3 to 6.

Relative to the claim (habeas claim 4) about the racial composition of the jury pool, Fears' contention is that counsel should have done *more*, as opposed to a contention that counsel did *nothing*. The Magistrate noted that trial counsel did do *something*: they filed a motion regarding the racial composition of the pool, and did request dismissal of the pool. As a matter of ineffective assistance, the claim lacks further viability, absent facts showing trial counsel disregarded notice of actual racial discrimination in the selection of the jury pool. There are no such facts, where the claim, then and now, is premised on speculation of wrongdoing in the selection of the jury pool. Magistrate's Decision, Doc 114, pg. 64. In any event, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). See also Attachment E, Combined Case Notes, *Strickland v. Washington* Case Note, p. 30. Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Relative to the non-defaulted trial phase claim of blaming counsel for not putting on an intoxication defense (habeas claim 3(c)), it rests on a false factual premise; i.e. an intoxication defense was available and any competent counsel would have recognized and raised it. The only grain of truth to that false premise is that Fears was intoxicated the night of the murder. Not only the facts of case, but the outcome of counsel's interview with Fears, demonstrated the lack of availability of an "intoxication defense." Magistrate's Decision, Doc 114, pg. 61. See also Doc 95-6, Evidentiary Hearing Testimony Index For Trial Defense Counsel Rosenwald. See also Doc 95-2 Jury Instruction For "Intoxication". In any event, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). See also Doc 95-3, Guilt Phase Transcript Summary, Doc 95-4 Mitigation Phase Transcript Summary.

Relative to the non- defaulted claim of lack of objection to prosecution commentary (habeas claim 3(d)), Fears does not contend the Magistrate was wrong in recommending denial of that sub claim. Instead, Fears offers more commentary he claims was improper. See Fears Objections, Doc 117, pg. 49 to 53. In any event, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC

2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Relative to the defaulted sub claims about "accidental discharge" of the gun (sub claims 3(b) and 3(c)), the jury didn't buy it, the state post-conviction court didn't buy it, and the Magistrate didn't buy it. There was no "accidental discharge", so says the jury, the state post-conviction court, and the Magistrate. Magistrate's Decision, Doc 114, pg. 57 to 60. Denial of relief on these sub claims is warranted for a myriad of reasons, not the least of which is that it is founded on a false factual premise of "accidental discharge."

Relative to the mitigation phase sub claims, the Magistrate astutely notes "This is not a case, then, and Fears does not claim that it is, factually akin to *Strickland v. Washington*, 466 U.S. 668, 690 (1984), where the reasonableness of counsel's investigation was at issue. Rather, Fears argues here that his attorneys' *presentation* of the information obtained in the investigation was unreasonable." (Emphasis supplied) Magistrate's Decision, Doc 114, page 70, first full paragraph. In other words, Fears argues that, despite full investigation, his attorneys should have made different choices: present more evidence of intoxication, present more evidence of generational family dysfunction, blame it on Dad, blame it on a "Southern Culture of Violence."

Given this formulation of Fears contentions, it is evident that Fears fails to state a claim under *Strickland v. Washington,* and hence is even further removed from a viable claim in habeas that the state courts unreasonably applied *Strickland* to his case. See also Attachment E, Combined Case Notes, *Strickland v. Washington* Case Note, p. 30. See also Attachment C Magistrate's Decision Summary, pgs. 4 to 5. *Strickland* states a rule about performance below the norm. *Strickland* does not mandate "good choices", nor

10

proscribe "bad choices." *Strickland* ("The object of an ineffectiveness claim is not to grade counsel's performance." p. 697; "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." p. 689.) In any event, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Fears Objection, Doc 117, pgs. 55 to 91, note p. 82, fourth line from bottom. Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Relative to the sub claim (5(d)) about no trial counsel objections to prosecution commentary, Fears does not articulate reasons why the Magistrate erred. Instead, he offers more prosecution commentary he claims was improper. More to the point, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Fears Objection, Doc 117, pgs. 55 to 91, note p. 82, fourth line from bottom. Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Fears has not objected to the Magistrate's recommendation relative to his sub claim 5(E) - Counsel Failed To Object To Erroneous Jury Instructions, and sub claim 5(F) - Counsel Failed To Move For Merger Of Duplicative Death Penalty Specifications. See Fears Objections, Doc 117, pg. 56, 90-91.

Relative to his claim of ineffective assistance of appellate counsel, (habeas claim 6), Fears pares down his grievances to the sub claims about the "intoxication defense" (Doc 117, pg. 93-94), the trial court's misreading of the indictment specification number (Doc 117, pg. 94-95), and prosecution commentary. (Doc 117, pg. 95-96). However, Fears does not offer a rationale why the Magistrate incorrectly denied relief on the sub claims. More to the point, Fears offers not one single word of analysis as to how the denial of this claim by the State court was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Fears Objection, Doc 117, pgs. 55 to 91, note p. 82, fourth line from bottom. Fears' failure to evaluate his claims in context of the statutory standard of review, 28 USC 2254(d), amounts to a failure to carry his burden under AEDPA, and is an independent reason to deny him relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### *A Jury Instruction For "Accident" Not Improper Where Accident Was A Key Topic Of The Trial*

There is no rule enunciated by the United States Supreme Court ascribing constitutional error to instructing the jury about "accident", where the issue whether a killing was purposeful or accidental was raised by the evidence and argument in the case. That being the case, Fears habeas claim 9 fails to state a claim upon which relief can be granted under 28 USC 2254(d). The cases cited by Fears, *Francis v. Franklin,* 471 U.S. 307 (1985), *Patterson v. New York,* 432 U.S. 197 (1977), and *Sandstrom v. Montana,* 442 U.S. 510 (1979), proscribe jury instructions about "presumptions" that water down the requirement that the state prove all elements of the offense beyond a reasonable doubt. See Fears Objections, Doc 117, pgs. 101-103. See also Attachment E, Combined Case Notes, *Francis* Case Note, p. 15, *Patterson* Case Note p. 25, *Sandstrom* Case Note, p. 26.

That is not the case here, where the jury instruction amounts to a bare definition, and not one word of the instruction allocates a burden of proof or designates a quantum of evidence.

In a classic case of having your cake and eating it too, Fears' grievance with the instruction is that it was given at all. Insisting that voluntary manslaughter was the appropriate verdict, Fears argued to the jury that the gun went off by itself. See Guilt Phase Transcript Summary, Doc 95-3, page 8, Summary of Defense Closing Argument. (Referred to during the defense closing argument as "the most critical issue on (sic) this case." Trial Transcript Vol. 11, page 2324, line 20.) However, the theory of "accidental" discharge of a gun during a crack house robbery did not comport with the legal definition of "accident", (conduct preceding an "accident" must be lawful), so Fears understandably did not want that dichotomy impressed upon the jury with an instruction to that effect. Trial Transcript p. 2384; *State v. Fears*, 86 Ohio St. 3d 329, 340 (1999). That Fears was unable to obfuscate "the most critical issue in the case" by excluding a legally correct definition of accident, fails to implicate the federal constitution and thus fails to state a claim under 28 USC 2254.

## Conclusion

Fears failure to evaluate his claims under an AEDPA standard of review should be seen as more than an annoyance or an extra burden on the Court. It is not the obligation of the Court to sort through claim after claim, determine which precedent of the United States Supreme Court most closely fits the claim, and then unilaterally decide whether the State court adjudication is or is not an unreasonable application of that law.

In similar fashion, it is not fair to impose an obligation on the Warden to cobble together a proper analysis under AEDPA, where the petitioner offers none.

Railing against the prosecutors and the defense counsel, sprinkling the diatribe with a smattering of case citations, and punctuating with conclusory allegations of error, may be a winning strategy on direct appeal in state court. However, that formula is a legally nullity on habeas review under 28 USC 2254, where the law mandates a standard of review that precludes relief, unless the claim as adjudicated by the State court is objectively unreasonable in fact or in law. Where Fears in wholesale fashion fails to offer even lip service to this mandatory mode of analysis, the Warden should be entitled to rest on United States Supreme Court precedent that petitioner's failure to carry his burden under AEDPA precludes relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

                                          Respectfully Submitted,

                                          **JIM PETRO,**
                                          Ohio Attorney General
                                          S/Stephen E. Maher
                                          **Stephen E. Maher    (0032279)**
                                          Assistant Attorney General
                                          Capital Crimes Section
                                          30 E. Broad St. 23rd Floor
                                          Columbus, OH 43215
                                          (614) 728-7055
                                          (fax) (614) 728-8600
                                          smaher@ag.state.oh.us
                                          **Lead Counsel for Warden/Respondent**

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon Lawrence Greger and Linda Prucha, attorneys for Petitioner Fears, through this Court's ECF system, on this 24th day of May, 2006.

                                          S/Stephen E. Maher
                                          Stephen E. Maher
                                          Attorney for Warden