# MAGISTRATE'S DECISION SUMMARY -- DOC. 114

## Habeas Claim 1 -- Improper Prosecution Commentary -- Relief Denied

Claim- Voir dire commentary regarding purposeful element of aggravated murder.
- Not improper and not prejudicial. Doc 114, pg. 22, last paragraph, pg. 23, top of page. Trial transcript pgs. 360-362.

Claim- Commentary that purpose precludes accident.
- Procedurally defaulted. Doc 114, pg. 24, top three lines. Not improper and not prejudicial. Doc 114, pg. 23, last paragraph, page 24, top three lines. Trial Transcript pgs. 2279, 2293, 2300, 2314, 2346, 2349-50, 2368. See also Doc 114, pg. 62, last paragraph, line 3.

Claim - Voir dire commentary about accomplice liability.
- Not prejudicial. Doc 114, pg. 24, first paragraph. Trial transcript pgs. 517-19.

Claim - Commentary (one voir dire and one closing argument) about means of proof and what defense might say in their closing argument.
- Voir dire comment not improper. Doc 114, pg. 26, top three lines. Closing argument comment amenable to benign interpretation and properly adjudicated by the Ohio Supreme Court under *Griffin v. California*. Doc. 114, pg. 27, top half of page. Trial Transcript pgs. 959-60, 2294. See also Doc 114, pg. 63, first paragraph, line 4.

Claim - Commentary about analogy to magician's trick.
- Assuming improper, commentary not prejudicial. Doc. 114, pg. 29, top of page. Trial Transcript pgs. 2239-40. See also Doc 114, pg. 63, second paragraph, line 5.

Claim - State court erroneously applied plain error review to prosecution commentary.
- False factual premise, state court did not apply plain error review. Doc 114, pg. 29, first full paragraph.

Claim - Commentary about aggravating vs. mitigating circumstances.
- Procedurally defaulted except reference to Derrick Frazier peeing his pants being an aggravating circumstance. Doc 114, pg. 32, top 5 lines. Urination comment improper but isolated and ameliorated by proper prosecution commentary that the circumstances of the offense are mitigating, not aggravating. In addition, the urination comment was not prejudicial. Doc 114, pg. 35, top of page. See also Doc 114, pg. 84, top half of page.

Claim - Comment about Fears' lack of remorse.
- Not improper. Doc. 114. pg. 35, first full paragraph.

Claim - Commentary about public payment of defense psychologist, no report from psychologist, psychologist notes not turned over, reference to 'mouthpiece.'
- Mouthpiece comment not a reference to the psychologist. Doc 114, pg. 38, middle of page. Resolution by the Ohio Supreme Court about commentary about lack of report and no turnover of notes, and compensation of psychologist, not an unreasonable application of United States Supreme Court rules. Doc 114, pg. 40, top three lines, pg. 40 first full paragraph. Trial Transcript pages 2749-57, 2798-2824, 2838, 2841-43, 2846-56, 2865-68, 2881-2888, 2931-32, 2955, 2957, 2981-82. See also Doc 114, page 85, top half of page.

Claim - Cross examination of Fear's mother about her criminal conviction.
- Procedurally defaulted. Doc 114, pg. 41 first paragraph. See also, Doc 114, pg. 85-87.

Claim - Cross examination of mitigation witnesses about gang affiliations and street violence.
- Claim unsupported by record references. Doc 114, pg. 42, top four lines. See also Doc 114, pg. 87, first full paragraph.

Claim - Cumulative error.
- Fears has not met his AEDPA burden, individually or collectively. Doc 114, pg. 42 first full paragraph.

### Habeas Claim 2 -- Improper Weighing -- Relief Denied

(a) Claim- Sentencer considered crime facts as aggravator, not mitigators.
- False factual premise. Doc 114, pg. 43.
  - Sentencer considered crime facts as mitigators. Doc 114, pg. 43, Trial Transcript pgs. 2977-2978.

(b) Claim - Improper "acquittal first" instruction.
- Procedurally defaulted. Doc 114, pg. 44, paragraph 1.
- Instruction not improper. Doc 114, pg. 45, lines 2 and 3.
  - Instruction on effect of deadlock not constitutionally required, *Jones v. United States*, 527 U.S. 373 (1999). Doc 114, p. 49, middle of page.

(c) Claim - Sentencer considered four aggravating circumstances that should have merged into one aggravating circumstance
- False factual premise. Doc 114, pgs. 52 last sentence, 53, paragraph. 2.
  - Jury expressly instructed that aggravating circumstances merged; trial court expressly merged aggravating circumstances in sentencing opinion.

2

>Doc. 114, pg. 52, middle of page, Trial Transcript pgs. 2976-2978, 2983-2985, DC Appendix Vol. 2, pgs. 259-260, 263-266.

## Ineffective Assistance Claims

### Habeas Claim 4 -- IATC Voir Dire Phase -- Relief Denied

Claim - Trial counsel should have done more regarding disproportionately few blacks in jury pool.
- Premised on speculation that minority representation due to discrimination. Doc 114, pg. 64, last paragraph.
- Trial counsel did file a motion regarding composition of the pool, did request dismissal of the pool. Doc. 114, pg. 64, line 5; pg. 64, last paragraph line 3; Trial Transcript pgs. 157-163

### Habeas Claim 3 -- IATC Trial Phase -- Relief Denied

(a) Claim - No defense firearms expert.
- Procedurally defaulted. Doc 114, pg. 57, second to last line.
- False factual premise (trial evidence contradicted claim of accidental discharge).
  - Mauer affidavit does not claim accidental discharge, otherwise offers only speculation. Doc 114, pg. 58, line 2; pg. 58, 6th line from bottom.
  - Evidence from trial contradicts Fears' claim of accidental gun discharge. Doc 114, pg. 59, lines 1 to 3, Trial Transcript pgs. 1568-1569, 1940, 2010-2015, 2129-2131, 2134-2140.

(b) Claim - No evidence presented at trial regarding weapon recall.
- Procedurally defaulted. Doc 114, pg. 59, first paragraph., last line.
- False factual premise (trial evidence contradicted claim of accidental discharge.)
  - Evidence from trial contradicts claim of accidental gun discharge. Doc 114, pg. 59, last paragraph.
  - Schrand testimony at evidentiary hearing contradicts claim of accidental discharge. Doc 114, pg. 60 lines 1 to 8; Evid. Hrg Transcript pgs. 224-225.

(c) Claim - No expert presented at trial regarding Fears' intoxication.
- Strategic decision based upon defense counsel Rosenwald's interview with Fears that intoxication not a legal defense. Doc. 114, pg. 61, first paragraph., last two lines. Evid Hrg. Tr. P. 505
- No prejudice; trial evidence negated legal defense of intoxication. Doc. 114, page 61, last paragraph.

3

(d) Claim - No objection to prosecutor commentary.
- Comment regarding accident logically and legally correct. Doc 114, pg. 62, last paragraph. line 3.
- Voir dire comment regarding proof without defendant testimony entirely acceptable. Doc 114, pg. 63, first paragraph. line 4.
- No showing of prejudice re: "Magician" comment. Doc 114, pg. 63, second paragraph. line 5.

### Habeas Claim 5 -- IATC Mitigation Phase -- Relief Denied

(a) Claim - Inadequate presentation of available mitigation evidence.
- Counsel decision not to call all 31 available witnesses a matter of strategy. Doc 114, pg. 71, lines 6 to 8. Evid. Hearing Transcript pgs. 542-543.

(b) Claim - Lack of prescience regarding outcome of cross-examination of Dr. Smalldon.
- No prejudice even though some answers on cross may have been unexpected. Doc. 114, pg. 72, bottom 5 lines.

(c) Claim - Not enough testimony from family members.
- Additional testimony would have been cumulative to that presented at mitigation. Doc 114, page 74, paragraph. 1.
    - Decision not to call Fears' father James a matter of strategy, where James minimized his shortcomings with the mitigation specialist and defense counsel. Doc 114, pg. 76, bottom 5 lines, pg 77, first paragraph. DC Appendix Vol. 6, pgs. 151-153; Fears' Evid. Hrg. Exhibit 15 at 4.

(d) Claim - Should have presented a cultural expert.
- Matter of strategy not to present alternative mitigation theory that Fears was violent. Doc 114, pg. 78, bottom 6 lines.

(e) Claim - Not enough testimony about Fears' substance abuse.
- Amount of substance abuse testimony actually presented at mitigation a matter of strategy, post-conviction evidence cumulative to that presented at trial. Doc 114, pg. 82, top half of page. Trial transcript pgs. 2541,2544, 2562, 2566-67, 2581, 2605, 2639-40, 2658-59, 2684, 2690, 2720, 2722, 2729, 2772-86, 2825-31, 2849, 2854,2874, 2886-88, 2890; Dr. Smith affidavit, DC Appendix, pg. 207-214; Evid. Hrg. Transcript pgs. 418, 428-429, 454, 491, 496, 505, 509.

(f) Claim - No objection to prosecution commentary.
- Most commentary was proper; isolated comment about what to weigh against what cured by jury instructions. Doc 114, pg. 84, top half of page. See also, Doc 114, pg. pg. 32, top half of page.
- No prejudice from commentary about Dr. Smalldon's notes. Doc 114, pg. 85, lines 1 to 7. See also Doc 114, pg. 38, middle of page, pg. 40, top half of page.

4

- No prejudice from comment about Dr. Smalldon's pay. Doc. 114, pg. 85, first full paragraph. See also Doc 114, pg. 38, middle of page, pg. 40, top half of page.
- Not improper to impeach Fears' mother with her burglary conviction, no prejudice from comment about mom exaggerating on psych test, not improper to impeach Fears' mother with her welfare fraud conviction. Doc 114, pg. 85-87. See also Doc 114, pg. 41, first paragraph.
- No support for claim about crossing witnesses regarding gang membership. Doc 114, pg. 87, first full paragraph.

(g) Claim - No objection to jury instruction that verdict must be unanimous.
- Instruction given not improper. Doc 114, pg. 87, last paragraph.

(h) Claim - No objection regarding merger of aggravating circumstances.
- False factual premise, circumstances were merged. Doc 114, pg. 88, first paragraph.

(i) Claim - Cumulative effect
- Not valid where no showing of ineffective assistance. Doc 114, pg. 88, second paragraph.

## Habeas Claim 6 -- IAAC -- Relief Denied

(a) Claim - Appellate counsel should have claimed that trial counsel should have obtained a firearms expert.
- This was a post-conviction matter not chargeable to appellate counsel. Doc 114, pg. 89, top half of page.

(b) Claim - Appellate counsel should have raised additional grounds for ineffective trial counsel.
- These were post-conviction matters not chargeable to appellate counsel. Doc. 114, pg. 89-90.

(c) Claim - Appellate counsel should have raised generalized claims of error.
- Claim skeletal and lacks citation to the record. Doc 114, pg. 90.

(d) Claim - Appellate counsel should have raised claim about trial court's misstatement regarding indictment specification number applicable to Fears.
- Trial court's misstatement an ordinary error without harm. Doc 114, pg. 92, first paragraph.

(e) Claim - Appellate counsel should have raised claim about jury instruction calling for unanimous verdicts.
- Jury instruction proper under the law. Doc. 114, pg. 92 paragraph 2.

5

(f) Claim - Appellate counsel should have claimed that trial counsel were ineffective for not objecting to prosecutor commentary.
- Underlying commentary either not improper or not prejudicial. Doc. 114, pg. 93 top half of page.

### Habeas Claim 9 -- Jury Instruction Re: Accident -- Relief Denied

Claim is speculative and has no legal support. Doc 114, pg. 96, first two sentences.