IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELO FEARS | : | CASE NO: 1:01-CV-183 |
| Petitioner | : | Judge Walter H. Rice |
| **- vs -** | **:** | Magistrate Judge Michael R. Merz |
| MARGARET BAGLEY, WARDEN | : | (**Death Penalty Case**) |
| Respondent | : | |

---

PETITIONER'S MOTION TO SUPPLEMENT
THE BUDGET

---

Comes now the Petitioner, by and through counsel and moves this court for supplemental funds all for the reasons more fully set forth in his Memorandum in Support.

**MEMORANDUM IN SUPPORT**

The Petitioner compiled a projected budget that was submitted to the District Court. The initial budget requested and approved was $120,000.00 in funds to litigate this habeas corpus death penalty case. No death penalty habeas case can be constitutionally litigated for $120,000.00. Experience backs up this statement.

Counsel have now labored for more than four years, and are approaching the limits of the budget approved by the Sixth Circuit; there is $1187.87 left of the original budget.

The fees for death penalty habeas counsel were recently (February 2005) increased from $125.00 per hour to $160.00 or a 28% increase. Thus the budgeted monies are being paid out at an increased rate due to the new pay scale. In addition, death row inmates have moved from Mansfield Ohio (3.5 hours one way from Dayton) to Youngstown, Ohio (4.5 hours one way from Dayton) and severely restricting access to clients with fewer rooms, more restricted visitation times and shorter visits. Counsel who travel from Columbus have to spend the night because of the restrictions on attorney-client meetings; counsel from Dayton have three hours more travel time than those in Columbus, and thus over-night accommodations will likewise have to be sought and paid for.

In addition, this court should be aware of the status of the litigation so that this court understands why the additional fees in the budget are being requested. Yet to be accomplished are the following:

1) Reply to Warden's Response to objections to the Magistrate Judge's recommendation

2) Request for Certificate of Appealability in the District Court

3) Briefing to the Sixth Circuit should the Petitioner not Prevail on all claimed Grounds for Relief;

4) Request for Relief En Banc should the Sixth Circuit not grant relief on all claimed Grounds for Relief;

    5) Request for Stays in the District Court and the Sixth Circuit;

    6) Petition for Writ of Certiorari to the United States Supreme Court.

The Sixth Circuit previously approved a budget in *Gumm v. Mitchell* of $202,000.00 of which $195,170.00 has been expended.

The Sixth Circuit previously approved a budget of $120,000.00 in *Issa v. Bradshaw*. A Motion to Supplement the Budget was filed on July 13, 2005 requesting an additional amount of $72,000, for a new total budget of $192,000.00. The Motion was granted.

Counsel labored to file an accurate budget based on experience. The District Judges approve the budgets based on experience. Counsel who litigate these habeas death penalty cases are experienced counsel.

Based upon all of the foregoing, Counsel move this court to supplement to the previously-approved budget of $120,000.00 with the approval of an additional $50,000. With this supplementation, counsel can return to litigating the merits of their clients' cases with all of the stress and emotion that naturally flow from a death penalty case, without having to worry that they will be litigating without compensation.

The State of Ohio does not impose a budget on the defense of the capital case and indeed have a large section of the Ohio Attorney General's Office dedicated to the defense of federal habeas corpus cases. The District Court does not impose a budget on its law clerks mandating that they spend only a budgeted amount of time on a certain case and then return to seek court permission to expend more time; only Petitioner's counsel labor under artificial constraints leading to the possibility that their already-reduced rate

will not be fully compensated after using real-life experience to develop the budget in the first instance.

The Courts recognized the value of habeas counsel by raising the rate from $125.00 per hour to $160.00 per hour and then to $163.00 per hour. This Court should likewise recognize the value of habeas counsel by supplementing the budget prayed for to-wit a $50,000.00 supplement to the already-approved $120,000.00 budget.

Respectfully submitted:

Lawrence J. Greger
Attorney at Law 0002592
Suite 1100 Liberty Tower
120 W. Second Street
Dayton, Ohio 45402
(937) 223-3153
lgreger912@aol.com

Linda Prucha
Assistant State Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394
linda.prucha@opd.state.oh.us

By: s/Lawrence J. Greger
TRIAL COUNSEL FOR
PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was electronically served on all counsel of record by filing same with the court via the CM/ECF system.

S/Lawrence J. Greger
Lawrence J. Greger