IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELO FEARS                                    Case No. C-1-01-183

    Petitioner                                  Judge Rice
                                                Magistrate Judge Merz
vs.

MARGARET BAGLEY,

    Warden

---

**WARDEN'S RESPONSE TO FEARS
OBJECTIONS TO THE SUPPLEMENTAL
REPORT & RECOMMENDATION**

---

With three exceptions noted below, Fears objections to the Magistrate's Supplemental Report & Recommendation is a bare recitation of case events, along with a reiteration of the same arguments he has been making for the past 5 years. See Doc. 8, Habeas Petition, filed March 26, 2001. In the three instances where Fears actually states an objection to the Magistrate's analysis, he does so by merely taking an opposite viewpoint, and fails to relate his opposite viewpoint to the habeas standard of review set forth in 28 USC 2254(d). In the Warden's view, Fear objections to the Magistrate's Supplemental Report and Recommendations do not warrant an extended response.

In respect to his claim of prosecutorial misconduct, Fears faults the Magistrate for following the format he set in his statement of the claim, being a comment-by-comment denigration of the prosecution. ("However, this analysis [by the Magistrate] fails to put the remark in context of the repeated misconduct engaged in by the prosecutor." Doc 128, Fears Objections To The Supplemental Report & Recommendations, page 3, line 7) The

issue on habeas is whether the adjudication of the claim by the Ohio Supreme Court was within the range of reasonableness in fact and law, and Fears has consistently ignored that standard, just as he does in this disagreement with the Magistrate.

Next, Fears continues to claim his counsel should have presented mitigation testimony from a so-called "cultural expert", to the effect that an urban black male such as Fears was hopelessly doomed to commit violent and murderous acts, due to his ancestral inculcation of the "Southern Culture of Violence." Fears calls this "compelling mitigation evidence", and faults the Magistrate for not having the same opinion. See Doc 128, Fears Objections to the Supplemental Report & Recommendation, page 21, 3rd paragraph. Whether it is wise to switch theories from Fears being an inadvertent killer to an inevitable killer may be debated endlessly. Fears disagreement with the Magistrate stands as proof the matter is at best a judgment call, and not an instance of malpractice by trial counsel.

Finally, Fears appears to fault the Magistrate for implying that a defendant must be comatose to have a viable intoxication defense. See Doc 128, Fears Objections to the Supplemental Report & Recommendation. This objection is a red herring designed to remove attention from trial counsel's informed decision, as expressed during the evidentiary hearing, that he considered and rejected an "intoxication defense." See Doc. 124, Supplemental Report & Recommendation, pages 22-23.

The Court should proceed to issue a final judgment.

Respectfully Submitted,

**JIM PETRO,**
Ohio Attorney General
S/Stephen E. Maher_____
**Stephen E. Maher    (0032279)**
Assistant Attorney General
Capital Crimes Section
30 E. Broad St. 23rd Floor
Columbus, OH 43215
(614) 728-7055
(fax) (614) 728-8600
smaher@ag.state.oh.us
**Lead Counsel for Warden/Respondent**

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon Lawrence Greger and Linda Prucha, attorneys for Petitioner Fears, through this Court's ECF system.

S/Stephen E. Maher_____
Stephen E. Maher
Attorney for Warden